POOJA MAKAM, DMD, PLLC,
d/b/a LUMINA DENTISTRY,

        Plaintiff,

v.

C. OGAR, DDS, PA, d/b/a LUMA DENTAL
STUDIO, and CHIGOZIRIM OGAR, DDS

        Defendants.

---

## COMPLAINT

---

Plaintiff Pooja Makam, DMD, PLLC d/b/a Lumina Dentistry ("Plaintiff" or "Lumina Dentistry"), by and through counsel, alleges as follows:

## NATURE OF THE CASE

1. This is an action for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), unfair or deceptive practices in or affecting commerce under N.C. Gen. Stat. § 75-1.1, and related claims for trademark infringement under North Carolina common law. Plaintiff's claims arise out of Defendants' adoption and use of the name "Luma Dental Studio" for a dental practice, a service mark and practice name confusingly similar to Plaintiff's established mark "Lumina Dentistry," in the same geographic market and directed to the same patient base. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) because Plaintiff's claims arise under the Lanham Act,

15 U.S.C. § 1051 *et seq*. This Court also has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4.     Plaintiff Pooja Makam, DMD, PLLC is a North Carolina professional limited liability company with its principal place of business in Morrisville, Wake County, North Carolina. Plaintiff operates a dental practice under the trade name "Lumina Dentistry" in Morrisville, North Carolina (the "Lumina Dentistry Mark").

5.     Defendant C. Ogar, DDS, PA d/b/a Luma Dental Studio ("Luma Dental") is a North Carolina professional association with a principal place of business in Raleigh, Wake County, North Carolina.

6.     Upon information and belief, Defendant Chigozirim Ogar, DDS ("Dr. Ogar") is a citizen and resident of Fayetteville, Cumberland County, North Carolina.

7.     Upon information and belief, Defendants have recently opened, or are in the final stages of opening, a dental practice in Raleigh, Wake County, North Carolina under the trade name "Luma Dental Studio" (the "Infringing Mark").

## FACTUAL ALLEGATIONS

### *Plaintiff's Rights in Lumina Dentistry*

8.     Plaintiff has operated a successful dental practice under the Lumina Dentistry Mark in Morrisville, North Carolina since its official opening on July 14, 2025.

2

9.  Plaintiff selected the name "Lumina Dentistry" to reflect the philosophy, atmosphere, and patient experience that its owner, Dr. Pooja Makam, sought to create. "Lumina" derives from the Latin word *lumen*, meaning light, and was chosen to suggest the light, confidence, positivity, and transparency that Dr. Makam wanted patients to associate with their dental care.

10. Plaintiff engaged in efforts to create public awareness of the Lumina Dentistry practice well before it opened in July of 2025, including through an announcement of the upcoming practice via social media in April 2025.

11. Since opening in July 2025, Plaintiff has continuously operated its dental practice under the Lumina Dentistry Mark.

12. Plaintiff has been accepted as an in-network provider with a number of prominent insurance companies, and prospective patients can find out about Lumina Dentistry by searching the insurers' provider directories.

13. In addition, Plaintiff has expended substantial time, money and effort marketing, advertising, and promoting Plaintiff's dental services under the Lumina Dentistry Mark through, among other means, Plaintiff's website, in-person appearance at numerous community events at which the Lumina Dentistry Mark was prominently displayed, delivering significant amounts of merchandise to members of the local community bearing the Lumina Dentistry Mark, digital advertising through Google Ads and otherwise, mass emails, print advertisements, and social media posts and advertisements through social media platforms such as Facebook and Instagram. The target radius for the advertisements Plaintiff places on the Google and Meta platforms covers users throughout the Triangle region of North Carolina, including all of Raleigh, Durham

and Chapel Hill, North Carolina and the nearby municipalities, and the ads reach thousands of users every month.

14. A large "Lumina Dentistry" sign is displayed prominently in front of Plaintiff's dental office building. (Ex. 1),

15. Plaintiff is committed to ensuring that each Lumina Dentistry patient receives high-quality care in a relaxed, safe, and comfortable environment. Plaintiff's practice has received nearly 200 five-star Google reviews praising, among other things, the professionalism and kindness of Dr. Makam and her staff, the clean and welcoming facility, Dr. Makam's clear and detailed explanations of treatment, and the care taken by Dr. Makam and her staff to ensure patient comfort and safety. In December 2025 Plaintiff also was named Best Dentist of Morrisville 2025 by Business Rate, a company that ranks businesses based on online reviews.

16. As a result of Plaintiff's marketing efforts and the dedication of Plaintiff's staff to providing the best possible patient care, Plaintiff has established a successful and growing practice, with over 1100 active patients, including over 350 new patients year-to-date in 2026.

17. In short, through Plaintiff's continuous use and promotion and adherence to high standards of service and care, the Lumina Dentistry Mark has come to identify Plaintiff as the source of high-quality dental services and has developed substantial goodwill and recognition in the Triangle area of Wake County, North Carolina.

### *Defendants' Adoption of Infringing Mark*

18. Upon information and belief, Defendants have recently opened, or are in the final stages of opening, a dental practice in the North Hills area of Raleigh under the practice name and service mark "Luma Dental Studio" (the "Infringing Mark").

19.     Defendants began to use the Infringing Mark to publicly identify their dental practice well after Plaintiff publicly used the Lumina Dentistry Mark and established enforceable rights in it.

20.     "Lumina Dentistry" and "Luma Dental Studio" are confusingly similar in appearance, pronunciation, connotation, and overall commercial impression. The dominant source-identifying element of Plaintiff's mark is "Lumina," and the dominant source-identifying element of Defendants' mark is "Luma." Both share the same opening syllable, a similar structure, and a similar connotation of light or brightness. The remaining wording - "Dentistry" and "Dental Studio"- is descriptive of the parties' services and does not meaningfully distinguish the marks.

21.     Defendants have been aware of Plaintiff's use of the name "Lumina Dentistry" since at least January 3, 2026. On that day Dr. Ogar appeared unannounced at Plaintiff's dental office, where she photographed and recorded video of the office without permission and observed Plaintiff's branding, layout, and operations. Upon information and belief, Defendants subsequently modified their branding and marketing to more closely resemble Plaintiff's. These similarities include overlapping aesthetic elements, design choices, and presentation styles.

22.     After learning that Defendants intended to open a dental practice under the Infringing Mark, Plaintiff sent a letter to Defendants on May 6, 2026 demanding that they cease and desist from using the Infringing Mark or any other practice name confusingly similar to the Lumina Dentistry Mark. (Ex. 2). The letter notified Defendants of Plaintiff's prior rights and explained that Defendants' adoption of the Infringing Mark would lead to consumer confusion in the Triangle region of North Carolina and infringe upon Plaintiff's trademark and other rights.

5

23. Defendants, through counsel Daniel Warren, refused to cease use of the Infringing Mark. (Ex. 3).

24. Defendants' announced dental practice provides identical services to those offered by Plaintiff, the parties operate in close geographic proximity to one another in Wake County, North Carolina, and are in competition for the same prospective dental patients.

25. The parties market their respective services through similar marketing channels, including online search, social media, and digital advertising.

26. Upon information and belief, Defendant Luma Dental is now accepted or is working to secure acceptance as an in-network provider for one or more of the same insurance companies with which Plaintiff is an in-network provider. Prospective patients searching those provider directories are likely to confuse Defendants' practice with Plaintiff's established practice because of Defendants' use of the Infringing Mark.

27. Plaintiff is aware of at least two occasions in which potential vendors and suppliers have confused Luma Dental Studio with Lumina Dentistry.

28. Defendants' infringing acts as alleged herein and their plans to operate a competing dental office under the Infringing Mark have caused and are likely to continue causing confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' services and have deceived and are likely to continue deceiving the relevant consuming public into believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, or are otherwise authorized, sponsored or approved by Plaintiff.

29. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of the Lumina Dentistry Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to the Defendants.

6

## COUNT ONE
### (Federal Unfair Competition)

30.     Plaintiff repeats and realleges paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services and to cause consumers to believe, contrary to fact, that Defendants' services are provided, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

32.     Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

33.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

34.     Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

36.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and

7

costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (North Carolina Common Law Trademark Infringement)

37. Plaintiff incorporates by reference the foregoing paragraphs 1-36 of this Complaint as if fully set forth herein.

38. Plaintiff is the owner of protectable rights in and to the Lumina Dentistry Mark in connection with Plaintiff's dental practice in the Triangle area of North Carolina.

39. The Lumina Dentistry Mark has acquired strong protection and consumer goodwill through Plaintiff's continuous and substantial public advertising and marketing since at least April 2025 and operation of Plaintiff's dental practice since July 2025.

40. Plaintiff has established goodwill associated with these marks and Defendants are trading upon Plaintiff's goodwill and common law trademark rights through their unauthorized and unlicensed use of the Infringing Mark.

41. Defendants' unauthorized use of a confusingly similar designation for their identical dental services under the Infringing Mark has caused and unless enjoined is likely to continue to cause confusion, mistake, or to deceive the purchasing public to the damage of Plaintiff.

42. Defendants' unauthorized use of the Infringing Mark constitutes an infringement of Plaintiff's preexisting North Carolina common law rights in the Lumina Dentistry Mark.

43. By refusing to discontinue their use of the Infringing Mark and adopt a practice name that is not confusingly similar to the Lumina Dentistry Mark after receiving notice that their practice name is infringing, Defendants have willfully, deliberately, maliciously,

8

intentionally, knowingly, and in bad faith violated, and continue to violate Plaintiff's common law trademark rights.

44.     Defendants' acts of common law trademark infringement have caused and will continue to cause irreparable injury to Plaintiff and have resulted in and will continue to result in unjust enrichment to Defendants unless enjoined by this Court from further violations of Plaintiff's rights.

45.     Plaintiff has no adequate remedy at law.

## COUNT THREE
### (Unfair and Deceptive Trade Practices – N.C. Gen. Stat. § 75-1.1)

46.     Plaintiff incorporates by reference the foregoing paragraphs 1-45 of this Complaint as if fully set forth herein.

47.     Defendants' acts and conduct as alleged above constitute unfair and deceptive acts and practices and unfair methods of competition in violation of the provisions of N.C. Gen. Stat. § 75-1.1.

48.     Defendants' acts and conduct as alleged above took place in and/or are affecting commerce.

49.     Plaintiff has suffered actual injury and has been damaged by Defendants' unfair and deceptive acts.

50.     Pursuant to N.C. Gen. Stat. § 75-16, Plaintiff is entitled to recover treble damages resulting from Defendants' unfair and deceptive acts.

51.     By their conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff. Plaintiff has no adequate remedy at law.

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and grant the following relief:

1. That Defendants' aforementioned acts be declared to be an infringement of the Lumina Dentistry Mark and false designation of origin in violation of the Lanham Act, United States, Title 15, United States Code, Section 1125(a) and North Carolina common law;

2. That Defendant Dr. Ogar and Defendant Luma Dental and its shareholders, directors, officers, agents, servants, employees, assigns, and all persons in active concert or participation with or controlled by the Defendants (the "Defendant Parties") be preliminarily and permanently enjoined from using the name Luma Dental Studio or any other practice, business or trade name that includes the word Luma, Lumina, or any confusingly similar word or in any manner whatsoever pertaining to its dental or related services, including on its website, social media, with insurance companies, or on any other print or media;

3. That Plaintiff be awarded (a) all profits, gains and advantages secured by Defendants as a proximate result of their infringing conduct; (b) all damages sustained by Plaintiff as a proximate result of Defendants' infringing conduct; (c) the costs of this action, and (d) enhanced damages, all as permitted by 15 U.S.C. § 1117;

4. That Plaintiff have and recover treble damages suffered as a result of Defendants' unfair or deceptive trade practices in accordance with N.C. Gen. Stat. § 75-16 and its attorneys' fees in accordance with N.C. Gen. Stat. § 75-16.1;

5.     That Plaintiff be awarded such other and further relief as this Court may deem just, proper, and equitable.

Respectfully submitted this the 3rd day of June, 2026.

**POYNER SPRUILL LLP**

By:     /s/ Eric P. Stevens
Eric P. Stevens
N.C. State Bar No. 17609
estevens@poynerspruill.com
P.O. Box 1801
Raleigh, NC  27602-1801
Telephone: 919.783.1017
Facsimile:  919.783.1075

*Counsel for Plaintiff*
*Pooja Makam, DMD, PLLC*